Robert Steven ZELENKA,
Petitioner-Appellant,

v.

Thomas ISRAEL, Respondent-Appellee.

No. 82–1195.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 28, 1982.
Decided Feb. 9, 1983.

Jack E. Schairer, Asst. State Public Defender, Madison, Wis., for petitioner-appellant.

Michael R. Klos, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for respondent-appellee.

Before WOOD and POSNER, Circuit Judges, and MORAN,* District Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Robert Zelenka, a Wisconsin state prison inmate, appeals from the judgment which denied his petition for a writ of habeas corpus. Zelenka raises various issues on appeal, but we need only reach the question of whether Zelenka exhausted his state remedies.

In June of 1975, Ronald Schilling, Tom Stanton, and Zelenka agreed to rob the deceased, Michael Posthuma. To carry out the plan, Zelenka drove a truck with Stanton, Schilling, and Posthuma as passengers to a remote area in Wisconsin. When Zelenka heard Stanton say, "Here" and then a thud, he stopped the truck. Looking back into the truck, Zelenka observed Posthuma lying on his side, watched Stanton pound Posthuma's head with a claw hammer, and saw Schilling knife Posthuma several times.[1]

At his state trial, Zelenka testified that he was unaware that Schilling and Stanton carried, respectively, a knife and hammer. According to Zelenka, he attempted to stop Schilling by grabbing and pushing him back which caused Schilling to slip and fall. When Schilling then returned and stabbed Posthuma again, petitioner testified that he pushed Schilling away again and grabbed Posthuma by the collar, attempting to remove him from the van and Schilling's reach. The petitioner testified that Posthuma was alive when he was pulled out of the truck and that only Stanton and Schilling dragged Posthuma into the woods, leaving him there. In contradiction to petitioner's testimony respecting his lack of involvement with dragging Posthuma into the woods, Madison police detectives James Grann and Charles Lulling testified at trial that Schilling had said that he, Stanton, and the petitioner had taken Posthuma into the woods.

At trial, the court instructed the jurors on the issue of intent as follows: "If one person assaults another violently with a dangerous weapon likely to kill, and the person thus assaulted dies therefrom, then, when there are no circumstances to prevent or rebut the presumption, the legal and natural presumption is that death was intended." Wisconsin Jury Instruction—Criminal 1100. The jury found Zelenka guilty of armed robbery and first degree murder, party to a crime.

On appeal, Zelenka challenges the presumptive intent jury instruction on two bases. First, Zelenka argues that the trial court erred in giving this instruction as it permitted the jury to infer Zelenka's intent to kill from the use of a dangerous weapon which Zelenka himself did not wield. Thus, it is claimed that the evidence did not support a finding of the basic or evidentiary facts of the inference. Because the jury may have interpreted Criminal Instruction

---

* The Honorable James B. Moran, United States District Judge for the Northern District of Illinois, is sitting by designation.

1. At the petitioner's trial, Madison police detective Grann testified that Schilling, during an interview, confirmed that Stanton had wielded the hammer and that he, Schilling, had stabbed Posthuma. According to detective Lulling's testimony, Schilling gave the same story during his interview, and Stanton admitted to Lulling that he used the hammer.

1100 as permitting the jury to infer Zelenka's intent to kill from the acts of Schilling and Stanton,[2] or as permitting them to find that Zelenka assaulted Posthuma with a weapon, the application of the presumption here arguably raises a question of due process.

Zelenka also challenges the "dangerous weapon" instruction as creating a "mandatory and irrebuttable" presumption, impermissibly shifting the burden of proof from the state. Thus, Zelenka challenges the instruction, first, as applied and, second, on its face.

Zelenka did not raise either objection to the instruction in state court, although he appealed his conviction and filed two petitions for post-conviction relief. The first time Zelenka raised these particular instruction issues was in his petition for a writ of habeas corpus in the United States District Court. The district court concluded that Zelenka failed to exhaust his state remedies as to those issues. Without the benefit of the subsequently decided case of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the district court therefore dismissed the petition with respect to the jury instruction issues for failure to exhaust, and then proceeded to consider and deny the petition with respect to Zelenka's other claims on the merits. Under *Rose,* if the habeas petition contains both exhausted and unexhausted claims, the district court must dismiss the entire petition for failure to exhaust without addressing the merits of any exhausted claim.

■ Despite his failure to present the jury instruction issues to any Wisconsin court, Zelenka urges this court not to dismiss for failure to exhaust because he contends that *Muller v. State,* 94 Wis.2d 450, 289 N.W.2d 570 (1980) makes futile any effort to remedy the alleged errors in state court. An exception to the exhaustion requirement "is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). For example, when the state courts have held adversely to the petitioner's position in other cases or state law makes pursuit of a state remedy futile, the prisoner need not exhaust the state procedures for that remedy. *Hallowell v. Keve,* 555 F.2d 103, 108 n. 6 (3d Cir.1977); 17 Wright, Miller, & Cooper, Fed.Prac. & Proc. § 4264, at 648 (1978). When the state's position on an issue is unclear or when a reasonable possibility exists that the state will change its view, however, a state remedy is adequate and must be resorted to. *United States ex rel. Wells v. Stateville Correctional Center,* 461 F.Supp. 666, 667 (N.D.Ill.1978); 17 Wright, Miller, & Cooper, Fed.Prac. & Proc. § 4264, at 650.

In *Muller,* the defendant Muller was convicted of murdering Troxel by use of a gun. The court gave the same instruction Zelenka challenges. Muller argued that the jury instruction denied him his right to due process by relieving the state of the burden of proving beyond a reasonable doubt the elemental fact of intent, and shifting the burden of persuasion to the defendant. The Wisconsin Supreme Court upheld the validity of the instruction because the "jury could not have interpreted the instruction ... as constituting either a persuasion-shifting presumption or a conclusive presumption." *Muller v. State,* 94 Wis.2d 450, 478, 289 N.W.2d 570, 584 (1980).

■ Because Muller used a dangerous weapon, the Wisconsin Supreme Court did not consider the validity of the presumption as applied to an accused who was not the one who actually caused death by the use of the weapon. Contrary to Zelenka's contention, *Muller* does not necessarily control the

---

**2.** If the jury interpreted the presumption this way, the question arises whether there exists a rational connection between the facts proved (the use of weapons by Schilling and Stanton) and the ultimate fact presumed (Zelenka's intent to kill). *County Court of Ulster County v.*

*Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *United States v. Romano,* 382 U.S. 136, 141, 144, 86 S.Ct. 279, 284, 15 L.Ed.2d 210 (1965); *Tot v. United States,* 319 U.S. 463, 467–68, 63 S.Ct. 1241, 1244–45, 87 L.Ed. 1519 (1943).

outcome of his challenge to the application of the presumption and does not render the filing of a state habeas corpus in state court a futile act. With respect to the facial challenge to the instruction, however, we may agree with Zelenka that *Muller* controls and renders state remedies futile. Nevertheless, because Zelenka failed to exhaust one of the jury instruction claims raised in his petition, the district court could not take cognizance of any other claim.

We must therefore vacate the order of the district court and remand with directions to dismiss the petition for lack of jurisdiction without prejudice to the petitioner to again raise the issues when his state remedies are fully exhausted.