**Danny SHEARS, Petitioner-Appellant,**

v.

**Thomas R. ISRAEL,**
**Respondent-Appellee.**

**No. 81–1715.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 6, 1983.*

Decided August 1, 1983.

Jack E. Schairer, Asst. Public Defender, Madison, Wis., for petitioner-appellant.

Bronson C. LaFollette, Asst. Gen., Jerome S. Schmidt, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before PELL, BAUER and CUDAHY, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a petition for a writ of habeas corpus. For the reasons that follow, we vacate that judgment and remand the case for further proceedings.

**I**

The petitioner, Danny Shears, was convicted by a Wisconsin state court of two counts of first-degree murder and one count of armed robbery. He subsequently brought a habeas corpus action in district court, arguing that his state trial was unconstitutional on the following grounds: (1) the state's information, which charged him with the three offenses both directly and as

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). Petitioner-appellant has filed a statement requesting oral argument; respondent-appellee has filed a statement asserting that oral argument is not necessary. Upon consideration of these statements, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

a party to a crime under Wis.Stat. § 939.05, did not give him sufficient notice of the state's theory of the case against him, was inconsistent with the proof offered at trial, and permitted the jury to convict him without reaching a unanimous verdict; (2) the court's refusal to instruct the jury on third-degree murder denied him due process; (3) the court's pre-trial processes relating to probable cause did not comport with due process; (4) the court's jury instruction on "intent to kill" relieved the state of proving all the elements of the first-degree murders beyond a reasonable doubt; (5) the court's refusal to sever the petitioner's trial from that of two codefendants denied him a fair trial; and (6) the court's severance of the petitioner's trial from that of a third codefendant denied him due process. The district court denied relief on the merits. The petitioner appeals.

## II

The state's initial argument—one raised in but not discussed by the district court—is that the petitioner's application should be dismissed because it contains both exhausted and unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This objection is dispositive of the petitioner's case in its present posture.

## A

■ Following his conviction the petitioner filed a motion in the state court in which he argued that the court's refusal to sever his trial from that of two codefendants unconstitutionally prejudiced him for three distinct reasons: (1) entire lines of evidence applicable only to the codefendants were admitted against him; (2) he and codefendant Ford had mutually antagonis-

tic defenses; and (3) testimony given by Ford implicated the petitioner in the charged crimes. The trial court denied the motion, and the Wisconsin Supreme Court affirmed that denial. *State v. Shears,* 68 Wis.2d 217, 234–37, 229 N.W.2d 103, 112–13 (1975).

In the present habeas corpus action the petitioner reasserts these three grounds for relief, but also alleges that the trial court's refusal to sever was prejudicial for several additional reasons, including one rejected by the district court on the merits—namely, that "the joint trial engendered comments on silence by both the prosecutor and other defense counsel prejudicial to Shears."[1] None of these additional grounds was presented to the state courts and, as state remedies remain available, these claims are not exhausted. This same deficiency marks the petitioner's claim that the trial court denied him due process by severing his trial from that of a third codefendant.[2]

The petitioner attempts to circumvent these problems by arguing that his filing in this court of a motion to withdraw sections of his brief that discuss these additional grounds in effect has amended his petition to delete the unexhausted claims.

At least one court has given effect to an "express and unambiguous abandonment" of unexhausted claims by a habeas petitioner while his case was on appeal to avoid the need for a formalistic remand under *Rose v. Lundy. See Rock v. Coombe,* 694 F.2d 908 (2d Cir.1982). In that case the district court, confronted with a mixed petition, refused to hear the unexhausted claims but dealt with an exhausted claim on the merits. On appeal the petitioner, responding to a *Rose* challenge, advised the court through an affidavit filed by his attorney,[3] that he

1. The petitioner also argues that the court's refusal to sever was prejudicial because (a) "his substitution of the trial judge was not honored," and (b) "the failure to sever prevented Shears from bringing out evidence that [codefendant] Marvin Madden killed James Rehbein because of a suppressed identification."

2. The petitioner did at one point raise this issue in a state post-conviction motion. The court

initially refused to consider this challenge because the petitioner did not explain why he had not included it in a prior post-conviction motion. But the court later amended its order to permit the petitioner to reallege this ground for relief. The petitioner never pursued that option.

3. *See id.* at 913 n. 3.

wished to withdraw and abandon his unexhausted claims. The appellate court approved the petitioner's request, eschewing the need for a remand to formalize "the abandonment of claims on which the district court ha[d] already refused to rule, in order to have that court reiterate its ruling on the exhausted claim it ha[d] already decided." *Id.* at 914.

We acknowledge that such treatment of a mixed petition may be efficacious in certain circumstances. This case, however, is not such a circumstance. The petitioner's attempt to abandon his unexhausted claims was limited to filing a motion to withdraw portions of his appellate brief. This was not the equivalent of the "express and unambiguous abandonment" of claims in *Rock, see* note 3 *supra;* most importantly, it did not explicitly evidence a request to amend the habeas petition. Moreover, in this case the district court considered and decided on the merits one of the unexhausted claims; abandonment of that claim at this stage would be more than a formal gesture.

We need not apply the total exhaustion rule of *Rose v. Lundy* with unthinking rigidity; yet, at the same time, we must be faithful to the Court's mandate that the rule be "rigorously enforced." 455 U.S. at 518, 102 S.Ct. at 1203. In the circumstances of this case, we vacate the order of the district court and remand for further proceedings.[4]

### B

In light of this disposition we turn next to an assessment of whether the petitioner exhausted available state remedies for the other claims presented in his petition. This is to ensure that the district court's action on the exhaustion question on remand will itself be exhaustive.

The petitioner's challenge of the state trial court's refusal to give a third-degree murder instruction is exhausted, *State v. Shears,* 68 Wis.2d at 242–45, 229 N.W.2d at 116–17; as is his attack on the court's pretrial processes, *id.* at 255–57, 229 N.W.2d at 122–23, and his challenge of the state's manner of charging him under the party-to-a-crime statute, both in terms of lack of notice and inconsistency of proof, *id.* at 239–40, 245; 229 N.W.2d at 114–15, 117–18. The petitioner's separate objection to the party-to-a-crime statute on the ground that it permitted the jury to convict him with a nonunanimous verdict is also exhausted. Although the petitioner did not appeal from the state court's adverse ruling on the postconviction motion in which he raised this issue, the Wisconsin Supreme Court's decision in *Holland v. State,* 91 Wis.2d 134, 280 N.W.2d 288 (1979), renders any further action in state court futile and unnecessary to establish exhaustion. *See Lampkins v. Gagnon,* 710 F.2d 374 (7th Cir.1983). This brings us finally to the petitioner's challenge of the intent-to-kill jury instruction.

At trial the jury was instructed regarding "intent to kill"—a necessary element of first-degree murder in Wisconsin, *see* Wis. Stat. § 940.01(1)—as follows:

> When there are no circumstances to prevent or rebut the presumption, the law presumes that a reasonable person intends all of the natural, probable and usual consequences of his deliberate acts. If one person assaults another violently with a dangerous weapon likely to kill, and the person thus assaulted dies therefrom, then, when there are no circumstances to prevent or rebut the presumption, the legal and natural presumption is that death was intended.

This instruction was given in reference to the petitioner and his two codefendants.

The petitioner's challenge of this instruction is twofold: (1) that the instruction, on its face, created an impermissible conclusive presumption, *see Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); and (2) that giving the instruction in a joint trial of codefendants impermissibly permitted the jury to infer the petitioner's intent to kill from the acts of his codefendants.

---

**4.** The petitioner also argues that we should not apply *Rose v. Lundy* retroactively. The established rule in this circuit, however, is to the contrary. *See, e.g., United States ex rel. Clauser v. Shadid,* 677 F.2d 591 (7th Cir.1982).

The petitioner raised his facial attack of the instruction in a state post-conviction motion, which the court rejected. Although he did not appeal from that ruling, our recent decisions in *Lampkins v. Gagnon, supra,* and *Zelenka v. Israel,* 699 F.2d 421 (7th Cir.1983), make clear that any further facial challenge of this instruction in state court would be futile. Thus this claim is exhausted.

The petitioner's objection to the use of the instruction in a joint trial—an objection never explicitly raised in state court—poses a more difficult exhaustion question. In *Zelenka* we found that it would not be futile for a state prisoner to challenge this same instruction in state court on the ground that "it permitted the jury to infer [his] intent to kill from the use of a dangerous weapon which [he] himself did not wield." *Id.* at 423–24. If the petitioner was making the same challenge as Zelenka, his claim too would be unexhausted. But he is not.

Zelenka's argument was that, although present at the scene of a murder, he was not armed with a dangerous weapon, and thus the instruction could not constitutionally be given with reference to him because there was "no rational way the trier could make the connection permitted by the inference." *County Court of Ulster County v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). The petitioner cannot make that claim. Evidence presented at trial placed him at the scene of the murders in possession of a handgun. His argument, rather, is that the instruction cannot constitutionally be given in a joint trial because the jury might rely on the acts of one codefendant to infer intent to another. Pursuit of this claim in state court would be futile. *See Cranmore v. State,* 85 Wis.2d 722, 271 N.W.2d 402 (Ct.App.1978) (cited with approval in *Muller v. State,* 94 Wis.2d 450, 472–73, 289 N.W.2d 570, 581 (1980)). Therefore it too is exhausted.

## C

In sum, we find that the petitioner's application contains the following unexhausted claims: (1) that the trial court's refusal to sever his trial was unconstitutional because (a) the joint trial engendered comments on silence prejudicial to the petitioner, (b) his request for substitution of the trial judge was not honored, and (c) the refusal to sever prevented the petitioner from presenting evidence that a codefendant committed the murder; and (2) that the trial court denied the petitioner due process by severing his trial from that of a third codefendant. His other claims are exhausted.

On remand the district court should give the petitioner leave to amend his petition to delete the unexhausted claims. If the petitioner does amend, the court should review the merits of the exhausted claims. Should the court reinstate relevant portions of its decision, an appeal therefrom may proceed on the present briefs and record. *See Gulliver v. Dalsheim,* 687 F.2d 655, 658 (2d Cir.1982); *Stewart v. Parratt,* 682 F.2d 757, 758 (8th Cir.1982). If, on the other hand, the petitioner does not amend, the district court must dismiss his petition in its entirety.

*So ordered.*