958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lennard COLEMAN, Petitioner/Appellant,
v.
Thomas RICHARDS and Indiana Attorney General, Respondents/Appellees.
 No. 91-1437.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 26, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Lennard Coleman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court considered all of the claims in Coleman's petition and dismissed each on its merits. Because Coleman failed to exhaust one of the claims which the district court considered, we VACATE the court's decision and REMAND to permit Coleman to amend his petition.
 
 I. BACKGROUND AND PROCEDURAL HISTORY
 
 2
 Coleman is currently serving twelve years in an Indiana prison for attempted rape. Shortly after his conviction, Coleman directly appealed to the Supreme Court of Indiana. In that appeal, Coleman challenged his conviction on nine grounds including: (1) the confrontation clause, (2) the right against self-incrimination, (3) the due process right to a conviction free of unduly prejudicial evidence, and (4) the sixth amendment right to effective assistance of trial counsel. See Coleman v. State, 546 N.E.2d 827 (Ind.1989). The Supreme Court rejected Coleman's contentions and affirmed the trial court. Id.
 
 
 3
 After the Supreme Court's decision, Coleman chose not to pursue post conviction relief in the Indiana courts. Instead, he petitioned for a writ of habeas corpus in federal district court. 28 U.S.C. § 2254. Coleman's habeas corpus petition raised four issues which he raised on direct appeal and one new one, the ineffective assistance of appellate counsel. According to Coleman: "petitioner was denied his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendments right to due process of law at trial and on direct appeal." Coleman alleged that his appellate counsel erred by making "no cogent arguments in support of petitioner's [ineffective assistance of trial counsel] claim."
 
 
 4
 Because the ineffective assistance of appellate counsel claim was new, the Indiana Attorney General ("the state") asked the district court to dismiss Coleman's petition as a "mixed" petition containing unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). The district court, instead, dismissed Coleman's petition on the merits, and Coleman appealed.
 
 
 5
 Coleman now raises the four issues which he raised on direct appeal and in the district court, but he virtually ignores his appellate counsel claim. The only indication that he wishes to preserve the challenge to appellate counsel's performance is Coleman's attempt to incorporate his petition (which discusses appellate counsel) into his appellate brief. In fact, in his reply brief, Coleman specifically asserts that he only wishes to challenge trial counsel's effectiveness. The state again asks for a dismissal based on the doctrine of exhaustion.
 
 II. EXHAUSTION
 
 6
 The doctrine of exhaustion requires this court to defer action on a state prisoner's habeas corpus petition until the state courts have had an opportunity to pass on the issues raised. Rose, 455 U.S. at 516. To provide state courts this opportunity, federal courts refuse to hear habeas claims whenever some form of state relief is still available. Id.
 
 
 7
 An Indiana prisoner may challenge his conviction, even years after direct appeal, in a post-conviction proceeding. Haynes v. State, 436 N.E.2d 874 (Ind.App.1982) (Indiana imposes no time limits for seeking post-conviction relief). Indiana post-conviction relief is open to "the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." Bailey v. State, 472 N.E.2d 1260 (Ind.1985).
 
 
 8
 Ineffective assistance of appellate counsel is an issue which was not available on direct appeal. Thus Coleman may still pursue the issue in a state post-conviction proceeding. This opportunity for state relief raises an exhaustion problem, and we must dismiss the claim.
 
 
 9
 Ordinarily our decision to dismiss Coleman's unexhausted claim would require us to dismiss his entire petition. Rose, 455 U.S. at 522 (a petition containing both exhausted and unexhausted claims is a "mixed" petition which must be dismissed in toto ). Coleman, however, wishes to withdraw his unexhausted claim.
 
 
 10
 A similar situation was presented in Shears v. Israel, 712 F.2d 1220, 1221-22 (7th Cir.1983). In Shears, some of the petitioner's claims were not exhausted, but the district court nonetheless ruled on the merits of his petition. Id. at 1221. On appeal, the petitioner recognized the potential exhaustion problem and asked to withdraw the unexhausted claims from his brief. Id. However, despite this attempted withdrawal, we refused to dismiss his unexhausted claims and consider his exhausted claims on the merits. Id. We held that an appellate court can never consider the merits of such exhausted claims unless the petitioner has expressly and unambiguously abandoned his unexhausted claims. Id. A petitioner only abandons his unexhausted claims when he explicitly requests to delete the claims from his habeas petition. Id. at 1222. Because Shears did not do this, we remanded the case to the district court to allow him to amend. Id. at 1223; but cf. Wickstrom v. Schardt, 798 F.2d 268 (7th Cir.1986) (where a district court dismisses a petition for failure to exhaust and does not discuss the merits of the claim, we affirm the dismissal); Rock v. Coombe, 694 F.2d 908 (2d Cir.1982) (where a petitioner unambiguously abandoned his claim, court decided the exhausted claims on the merits).
 
 
 11
 We proceed similarly in Coleman's case where the district court also ruled on the merits of the petition, and, despite Coleman's failure to raise appellate counsel's ineffectiveness in his briefs, he has not unambiguously abandoned the issue.[1] As in Shears, we vacate and remand to allow Coleman to amend his petition, if he so desires. If Coleman chooses to amend, the district should review the merits of the exhausted claims. If the court reinstates the relevant portions of its January 18, 1991 decision[2], an appeal from the new decision may proceed on the present briefs and record. See Shears, 712 F.2d at 1223. If the Coleman does not amend, the district court should dismiss his entire petition for a failure to exhaust state remedies.
 
 VACATED AND REMANDED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This court requires substantial proof of abandonment because by abandoning a claim, a petitioner usually forfeits any federal review of that claim. As discussed in Rose, 455 U.S. at 521, the abuse of the writ doctrine generally prevents prisoners from raising issues in a second habeas petition which were deliberately abandoned in the first. See also McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991) (deliberate abandonment of a claim is one example of conduct which invokes the abuse of the writ doctrine)
 
 
 [2]
 We suggest, however, that the court expound on its position on the admission of video testimony. The Third Circuit requires that a witness be unavailable before it will admit video taped former testimony. See United States v. Kelly, 892 F.2d 255, 256 (3d Cir.1989), cert. denied, 110 S.Ct. 3243 (1990). The district court never made any findings regarding unavailability