STATE, Respondent, v. LANGSTON, Appellant.

*No. State 50.    Argued November 5, 1971.—Decided*
*November 30, 1971.*
(Also reported in 191 N. W. 2d 713.)

For the appellant there was a brief by *James C. Schalow* and *Schalow, Powers & Dugan,* all of Milwaukee, and oral argument by *James C. Schalow.*

For the respondent the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.  Two issues are presented in this appeal:

(1) May an allegedly improper jury instruction be collaterally attacked under sec. 974.06, Stats.; and

(2) Is the defendant entitled to a new trial because of the allegedly erroneous instruction?

*Use of sec. 974.06, Stats.*

The judicial council, commenting on the enactment of the postconviction relief statute, stated:

"This represents the first Wisconsin attempt at a comprehensive post-conviction statute which will afford an all encompassing remedy for defendants challenging their convictions. It is taken directly from Title 28, USC, s. 2255. The section is designed to supplant habeas corpus and other special writs." Wis. Annot. (5th ed. 1970), p. 2165, sec. 974.06.

The pertinent portion of the statute itself reads:

"**Post-conviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

This court has never been required to interpret this statute or to decide whether there are any limitations on the questions which might be raised by collateral attack. However, the federal courts, in construing 28 USCA 2255, which is substantially identical to sec. 974.06, Stats., have held that such questions as sufficiency of the evidence, propriety of jury instructions, and admission of certain evidence cannot be raised in postconviction proceedings. In *Carrillo v. United States* (10th Cir. 1964), 332 Fed. 2d 202, 203, the following was stated:

"A motion under sec. 2255, like a petition for a writ of habeas corpus, may not be used as a substitute for appeal, and may be used to collaterally attack a judgment of conviction only where the constitutional rights of the accused have been violated. The sufficiency of the evidence to support a verdict of guilty cannot be raised by such a motion. Trial errors, such as erroneous admission of evidence and the giving of improper instructions to the jury, must be raised on direct appeal and do not afford a basis for collateral attack."

Similar rulings were handed down in *Gaitan v. United States* (10th Cir. 1963), 317 Fed. 2d 494; *Kristiansand v. United States* (5th Cir. 1963), 319 Fed. 2d 416; and *Margoles v. United States* (7th Cir. 1969), 407 Fed. 2d 727, certiorari denied, 396 U. S. 833, 90 Sup. Ct. 89, 24 L. Ed. 2d 84.

We think that these federal decisions are sound. To hold that a defendant has the right to attack errors in the admission of evidence or faulty jury instructions long after his conviction through the use of the postconviction relief statute would render those statutes which limit the time for appeal totally meaningless. Furthermore, merely alleging, as defendant does here, that such trial errors denied him a constitutional right to a trial by jury should not alter the basic tenor of his appeal. This is merely an attempt to appeal from the judgment of conviction on the basis that the trial court erroneously instructed the jury. Since the time for taking such appeal has long expired, defendant's appeal must be dismissed.

Since the appeal is not proper under sec. 974.06, Stats., and must be dismissed, we do not reach the remaining issue.

*By the Court.*—The appeal from the order of December 22, 1970, is dismissed.