SASS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 2. Submitted under sec. (Rule) 251.54 March 6, 1974.—Decided April 2, 1974.*

(Also reported in 216 N. W. 2d 22.)

The cause was submitted for the plaintiff in error on the brief of *Howard B. Eisenberg*, state public defender, and for the defendant in error on the brief of *Robert W. Warren*, attorney general, and *Betty R. Brown*, assistant attorney general.

HALLOWS, C. J.   Sass asks this court to consider four questions: (1) Whether, because he was not advised of his right to appeal and did not appeal, he can raise non-constitutional claims in a motion for postconviction relief under sec. 974.06, Stats.; (2) whether the trial court lacked jurisdiction to impose sentence because it failed to enter a judgment of conviction upon the jury's verdict; (3) whether the uncorroborated testimony of an accomplice is sufficient to support the conviction against him; and (4) whether it was error for the trial court not to sua sponte instruct the jury on the weight to be given the testimony of the accomplice?

In *Peterson v. State* (1972), 54 Wis. 2d 370, 195 N. W. 2d 837, this court stated that if a defendant is not informed by the trial court of his right to appeal, it would allow the defendant to pursue a late appeal; but it was held this rule was not to be retroactively applied in *In re Applications of Maroney and Kunz* (1972), 54 Wis. 2d 638, 196 N. W. 2d 712. In denying retroactivity to the new rule, this court pointed out that the postconviction relief afforded by sec. 974.06, Stats., covered alleged violations of the federal constitution, the constitution and laws of Wisconsin, and jurisdictional defects and excessive sentences, although there had been no direct appeal involving these issues. The court thought this relief to be adequate even though it was aware the section did not cover ordinary errors at trial. Consequently, this court did not intend to, nor does the language used in *Peterson* and in *Maroney and Kunz*, as claimed by Sass, enlarge the scope of sec. 974.06.

In this case, Sass was convicted before the effective date of *Peterson.* It makes no difference that the trial court did not advise him of his right to appeal—that was not the practice of the trial court or the requirement of this court. But Sass urges that we should re-examine and change the rule so that all issues may be raised by sec. 974.06, Stats. We have often said the postconviction remedy of sec. 974.06 cannot be used as a substitute for an appeal. Sass' argument would render appeals and writs of error useless and would extend the time for appeals. This was not the purpose of sec. 974.06 and we adhere to the rule that as a matter of right a defendant can raise under sec. 974.06 only those questions designated in that section.

As to the second issue, we find no jurisdictional question involved in Sass' claim that the trial court imposed a sentence without first entering a judgment of conviction on the jury's verdict. The question of the construction of sec. 972.13, Stats., was not raised in the trial court in the motion for postconviction relief. Sass has not gone back to the trial court for relief as a basis for an appeal; consequently, the question is not before this court for review. The present procedure requiring a judgment of conviction to be entered prior to sentencing is governed by sec. 972.13, Stats. The replaced procedure was discussed in *Spiller v. State* (1971), 49 Wis. 2d 372, 182 N. W. 2d 242; *Kelley v. State* (1972), 54 Wis. 2d 475, 195 N. W. 2d 457; and *Willis v. State* (1973), 60 Wis. 2d 158, 208 N. W. 2d 403.

During the trial the state called as a witness one Kent Leathers who testified against Sass. Sass and another accomplice Danny Reutten took the stand and gave their version of the activities of these men, which if believed might exculpate Sass. Factually, Leathers' testimony is not unsubstantiated because some of Sass' and Reutten's testimony does substantiate it. On this record we should

decline, if there were no other defects, to re-examine the rule that unsubstantiated testimony of an accomplice is sufficient to sustain a conviction without corroboration. Sass hopefully asks this court to require some corroboration of testimony of an accomplice and claims in part corroboration is required by *Sparkman v. State* (1965), 27 Wis. 2d 92, 133 N. W. 2d 776. Sass misreads *Sparkman*. If an accomplice's testimony is partly corroborated by physical facts or other testimony, such evidence makes the accomplice's testimony more credible but the present rule is that uncorroborated testimony of an accomplice does not need corroboration to be sufficient to sustain a conviction if the finder of the fact finds the testimony credible. This question is not a constitutional or jurisdictional one and consequently was outside the scope of the postconviction remedy of sec. 974.06. Although the trial court denied the motion on its merits, it should have dismissed the petition as being an inappropriate remedy to raise the issue.

The third question raised by Sass, *i.e.,* that the court having admitted an accomplice's testimony must as a matter of law instruct the jury in regard thereto, was also outside the scope of the postconviction petition. Whether the trial court should have given a sua sponte instruction in this case is neither a constitutional nor a jurisdictional question. Nor do we think that it raises any question of due process or fair trial. Normally, a trial attorney should try his case and not expect the court sua sponte to try it for him. Although we do not decide, we observe that where accomplices testify both for the state and a defendant, there may be serious doubt whether the court should sua sponte instruct on the weight of an accomplice's testimony. In such a case, the instruction would hurt the defendant as much as it would hurt the prosecution. Although in such a situation when the defense counsel remains silent, it is difficult for this court to determine whether the silence is a mark of trial

tactics or ignorance. If issues are to be determined by this court on appeal and not have this court trying issues never presented to the trial court, proper records must be made below and the proper procedure followed to raise the questions for review.

Since we do not reach the merits of any of the questions raised, the writ of error should be dismissed.

*By the Court.*—Writ of error dismissed.