BERGENTHAL, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–252–CR.   Argued May 5, 1976.—Decided June 2  1976.*
(Also reported in 242 N. W. 2d 199.)

For the plaintiff in error there were briefs by *Dominic S. Amato, John A. Fiorenza* and *Teper, Fiorenza, Weiss & Teper, S. C.* all of Milwaukee, and oral argument by *Dominic S. Amato.*

For the defendant in error the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. Defendant was convicted of one count of first-degree murder, and one count of endangering safety by conduct regardless of human life.

The judgment of conviction and sentence was affirmed by this court, upon defendant's appeal, in *State v. Bergenthal* (1970), 47 Wis. 2d 668, 178 N. W. 2d 16.

Subsequently, defendant instituted other proceedings, including appeal of this court's decision to the United States Supreme Court, certiorari denied, 402 U. S. 972, 91 Sup. Ct. 1657, 29 L. Ed. 2d 136. A petition for a writ of habeas corpus was denied by the federal district court, *Bergenthal v. Cady* (E. D. Wis. 1971), 326 Fed. Supp. 848, and that decision was affirmed by the court of appeals, *Bergenthal v. Cady* (7th Cir. 1972), 466 Fed. 2d 635, certiorari denied, 409 U. S. 1109, 93 Sup. Ct. 913, 34 L. Ed. 2d 690. Application for executive clemency was made to the governor, at which time defendant's life sentence was commuted to 50 years. The five-year consecutive sentence on the second count was commuted to run concurrently with the sentence on the first count.

On April 14, 1969, defendant was convicted of the murder of Russell Wirth. He was also convicted of endangering the safety of another by conduct regardless of human life. This conviction is based upon a gunshot wound received by Mary Wirth, wife of Russell. Both incidents occurred in the Wirth residence. Defendant pled not guilty and not guilty by reason of insanity. A bifurcated trial was held. The guilt phase of the trial consumed twelve day sessions and six night sessions. The sanity phase of the trial lasted seven days and included five night sessions. During the guilt phase of the trial the defendant testified in his own behalf. He testified as to the purchase of the gun, statements he made at the time of the fatal shooting at the Wirth home and described the shot being fired. *State v. Bergenthal, supra.*

Since the trial and subsequent appeal, Bergenthal has retained different counsel. This appeal follows a sec. 974.06, Stats., proceeding instituted by his present coun-

sel. The issues raised relate to a "brown sealed envelope" and the contents thereof which were examined by the trial court *in camera* during the 1969 trial.

In August of 1973, defendant petitioned for a writ of mandamus to the circuit court for Milwaukee county, ROBERT M. CURLEY, Circuit Judge, *State ex rel. August K. Bergenthal v. Francis X. McCormack & Rose Nugent,* Case #413-199. Defendant thereby sought to compel those respondents, as clerks of Milwaukee county circuit courts, to issue a certification of nonfiling for a missing "brown sealed envelope."

The mandamus action was initiated on the ground that the clerk's office had been unable to locate the envelope. The application for the writ further sought the production of the materials allegedly contained in the envelope and examined *in camera* by the trial court at the time of trial, if they could be found. The envelope was produced and the circuit court denied the writ.

Defendant then applied for another writ of habeas corpus in the federal district court. The writ was denied for failure to exhaust available state remedies, *Bergenthal v. Mathews* (E. D. Wis. 1975), 392 Fed. Supp. 1267. Accordingly, defendant filed a motion in the circuit court for postconviction relief pursuant to sec. 974.06, Stats.

The motion alleged the following grounds for relief, all premised on the Sixth and/or Fourteenth Amendments to the United States Constitution:

Paragraph 14A: The trial court failed to properly preserve the materials it had examined "in camera" thus preventing defendant's access to a record of sufficient completeness for review of the motion for postconviction relief.

Paragraph 14B: Gross negligence was committed prior to and during the mandamus action in relation to the location of the "brown sealed envelope" by the trial court

and the clerks of the circuit court, thus preventing defendant's access to the materials examined "in camera."

Paragraph 14C: Following defendant's trial, his prior counsels failed to make an effort to have the materials examined "in camera" transferred to this court for purposes of appellate review of the issue of exculpation, thus denying defendant effective assistance of counsel.

Paragraph 14D: The "brown sealed envelope" containing the materials examined "in camera," which was produced during the mandamus action, appeared to have been tampered with and materials and evidence which were supposed to be in the envelope were missing.

Paragraph 14E: The materials which are contained in the envelope exculpate the guilt and punishment of the defendant and impeach the credibility of the prime prosecution witness.

Paragraph 14F: The trial court failed to thoroughly examine the materials "in camera" during the course of the trial.

Paragraph 14G: Newly discovered evidence showed that on the date of the offense the prime prosecution witness was suffering from physical and mental disability to the extent that her competency to testify was materially affected.

The defendant also requested that the judge who presided at the trial disqualify himself from hearing the motion on the ground that he was a material witness to the merits of defendant's claimed constitutional violations. The trial judge did not disqualify himself.

The trial court determined that the record conclusively established that the defendant was entitled to no relief. Therefore, he denied defendant's motion for postconviction relief without an evidentiary hearing.

Two questions are presented for consideration:

1. Did the trial court abuse its discretion in denying defendant's motion for postconviction relief without an evidentiary hearing?

2. Did the trial judge err in failing to disqualify himself from hearing defendant's motion for postconviction relief?

*Failure to Grant an Evidentiary Hearing.*

Section 974.06, Stats., provides in part, that a prisoner in custody under sentence may bring a sec. 974.06 motion on the grounds that the sentence was imposed in violation of the United States Constitution or the constitution or laws of this state. The statute further provides that unless the motion, files and records of the action conclusively show the prisoner is not entitled to relief, the trial court shall grant a prompt hearing, determine the issues and make findings of fact and conclusions of law.

We are of the opinion that, under the particular facts of this case, it was error for the trial court not to grant an evidentiary hearing and make appropriate findings of fact and conclusions of law. This is not to say that such a hearing would result in a vacation of the sentence or the granting of a new trial. We would further observe that if in fact a new trial were to be held as a result of such a hearing on remand, Bergenthal could be retried, and, if convicted of the same offenses, subject to the same sentences as originally imposed.

In the trial court's opinion, the motion made by defendant for postconviction relief basically alleged that error had been committed in the ruling as to the nonexculpatory nature of the materials examined *in camera.* The court concluded that the opinion of this court on direct appeal disposed of the issue. It, therefore, determined that the motion could not be used as a vehicle for a second appeal on grounds already reviewed.

In *State v. Bergenthal, supra,* pages 673, 674, this court observed that:

". . . On motions after verdict, one hundred claims of error were asserted in the trial court. In a motion

before this court to stay execution of the sentence, defendant's counsel asserted that ninety-nine survived to be raised on this appeal. *Those not commented upon in this opinion were considered and found to be repetitious, without merit or without significant effect upon the verdict and judgment reached."* (Emphasis supplied.)

The conclusion of the trial court was error, no doubt because it was not aware of the fact the "brown sealed envelope" was not a part of the record on the direct appeal. This fact is conceded by the state.

During the course of the defendant's trial, requests had been made, in accordance with *Brady v. Maryland* (1963), 373 U. S. 83, 83 Sup. Ct. 1194, 10 L. Ed. 2d 215, that the prosecution turn over to the court for *in camera* inspection all materials exculpating or tending to exculpate defendant's guilt or degree of punishment. Accordingly, the prosecution delivered to the trial court the requested materials. The court reviewed them and found nothing contained therein to be of an exculpatory nature. The court stated that the materials would be maintained, for appeal purposes, in the brown sealed envelope. On motion after verdict, the court's ruling as to the nature of the materials reviewed was challenged and the court indicated once again that the materials showed nothing which would be exculpatory of defendant's guilt or degree of punishment. The court's ruling was not directly challenged on appeal to this court, *State v. Bergenthal, supra.* It cannot be said the issue raised in the postconviction motion was disposed of on direct appeal because the *in camera* materials contained in the brown sealed envelope were not transmitted to this court when the direct appeal was taken.

However, the state argues that, even though the alleged error was not raised on appeal, it had been properly preserved in motions after verdict, and, therefore, should have been raised on direct appeal. It is the state's position

that defendant should now be precluded from having the question reviewed.

This court has stated on several occasions that a petition for postconviction cannot be used as a substitute for an appeal. *Vara v. State* (1972), 56 Wis. 2d 390, 392, 202 N. W. 2d 10; *Sass v. State* (1974), 63 Wis. 2d 92, 95, 216 N. W. 2d 22. The motion must normally be limited to matters of jurisdiction or matters of constitutional dimensions. *Hebel v. State* (1973), 60 Wis. 2d 325, 332, 210 N. W. 2d 695. Questions such as sufficiency of the evidence and allegations of trial court error in matters such as propriety of instructions and admission of certain evidence cannot be raised in motions for postconviction relief, *State v. Langston* (1971), 53 Wis. 2d 228, 231, 232, 191 N. W. 2d 713. Merely because a defendant alleges that certain trial errors resulted in violation of constitutional rights, this does not necessarily raise the issue to one of constitutional dimensions. *State v. Langston, supra,* p. 232.

In the instant case, defendant alleges that his Sixth and Fourteenth Amendment rights have been violated in that the trial court erroneously ruled that the *in camera* materials in the envelope were not exculpatory in nature, Paragraph 14E, *supra*. All but one of the other claims relate to this claim. Had the materials been suppressed by the state, there would be little question that the issue is one of constitutional dimension, *Brady v. Maryland, supra*. This was not the case because here the state submitted the requested material to the trial court for its inspection. However, the very predicate of the decisions on suppressed evidence is the denial of due process. *Brady v. Maryland, supra*. Where defendant is denied access to requested materials, the issue of their relevance as to guilt or punishment presents a constitutional question, irrespective of whether that denial resulted from

prosecutional suppression or trial court ruling. Even though the issue might properly have been raised on appeal, it presents an issue of significant constitutional proportions and, therefore, must be considered in this motion for postconviction relief. *Loop v. State* (1974), 65 Wis. 2d 499, 222 N. W. 2d 694.[1]

The basic issue, then, is whether the trial court abused its discretion in denying the motion without an evidentiary hearing. In this regard, defendant's allegations as to the proper preservation of the documents in question is of major importance.

This court has ruled that a trial court may dismiss a motion for postconviction relief only if the motion, files and records, conclusively show that the defendant is entitled to no relief, or the motion fails to allege sufficient facts to raise a question of fact or presents only conclusory allegations. *Zuehl v. State* (1975), 69 Wis. 2d 355, 359, 230 N. W. 2d 673; sec. 974.06 (3), Stats., *supra*.

Paragraph 14D of defendant's motion specifically alleges:

"D) That the 'brown sealed envelope' which Judge ROBERT M. CURLEY ordered produced during the course of the Mandamus Action had been ripped open and taped closed prior to its receipt in the Mandamus Court, and had the appearance of being 'tampered with' which the Mandamus Court took cognizance of and materials were missing therefrom; all of which is violative of defendant's Fourteenth Amendment rights, . . . ."

There is support for this allegation in both the record made in the mandamus proceeding and at the hearing on the motion for postconviction relief.

The trial court did not address this allegation in its decision, except to note that:

---

[1] *See also:* Annot. 10 A. L. R. Fed. 724, involving cases decided under 28 U. S. Code sec. 2255, from which this state's statute was derived, Committee Comment, sec. 974.06, Stats.

"In the light of the above finding and order [that defendant's motion raised issues already disposed of], the Court finds it unnecessary—except to correct any erroneous inference that silence thereon indicates agreement therewith—to comment on petitioner's contemptious [sic] claims of improper conduct by trial counsel and trial court."

Thus, this court is unable to determine whether the trial court sufficiently considered the allegation. In *Smith v. State* (1973), 60 Wis. 2d 373, 385, 210 N. W. 2d 678, it was held that:

". . . [W]here several grounds for relief are separately set forth in a motion for postconviction relief, we hold that the trial court is to deal with each in finding an evidentiary hearing not required, not only to facilitate review by this court on appeal but also to conform to the *Peterson Case* [*Peterson v. State* (1972), 54 Wis. 2d 370, 195 N. W. 2d 837] reference to 'sufficient particularity.' At the least, a reference or referral for the purpose of making such particularized conclusions will be made in future cases where a variety of grounds for relief are commingled in a single holding that dismissal of a motion for postconviction is warranted without a hearing. . . We hope, however, that we have made clear that, where multiple grounds for relief are claimed or set forth, particularized rulings as to each are to be made in a denial of the motion for postconviction relief without an evidentiary hearing. Denial of such motion without hearing is to be made by a written opinion as *Nelson* requires and with the 'sufficient particularity' that *Peterson* is held to require."

Paragraph 14D of the defendant's motion presents a question of fact which can be resolved only upon an evidentiary hearing. Specific testimony and court records provide factual information which place the defendant's claim beyond the scope of conclusory allegations. The defendant's other claims, with the exception of paragraph 14G, involving newly discovered evidence, relate to the materiality and relevance of the documents contained in

the envelope, and prejudice accruing to defendant from alleged failure to properly preserve these documents. Those appear to rest upon a determination of the factual issue raised concerning the contents and preservation of the contents of the "brown sealed envelope." Only after such determination is made can the remaining corollary issues raised by the motion be determined.

Absent a factual determination on the paragraph 14D allegation, we cannot hold that the record conclusively demonstrates that defendant is entitled to no relief, sec. 974.06 (3), Stats. The "brown sealed envelope" in its present condition is made a part of the record on this appeal. We have not opened it to examine its contents. Inasmuch as we remand for an evidentiary hearing and appropriate findings and conclusions of law, to do so would be an exercise in futility and serve no useful purpose.

The defendant's motion meets the requirements for an evidentiary hearing in that it raises a question of fact of constitutional proportions, presents more than conclusory allegations, and the record, insofar as it is alleged to be incomplete, does not conclusively demonstrate that defendant is entitled to no relief. Therefore, the trial court abused its discretion in denying defendant's motion without an evidentiary hearing.

### Disqualification of Trial Court Judge.

Section 974.06 (1) and (8), Stats., provides that defendants are to petition the sentencing court when moving for postconviction relief. Defendant herein did so. However, he also requested that the trial judge disqualify himself from hearing the motion on the ground that he was a material witness to the merits of some of the claims of constitutional violation. By deciding the motion, the

trial judge impliedly ruled that such disqualification was unnecessary.

This court has held that a trial judge may become a material witness or otherwise disqualify himself in a motion to vacate a guilty plea if he has injected himself into plea bargaining, *Rahhal v. State* (1971), 52 Wis. 2d 144, 150, 187 N. W. 2d 800. In *Krueger v. State* (1972), 53 Wis. 2d 345, 351, 192 N. W. 2d 880, although no prejudice was found, it was concluded that a trial judge should disqualify himself in the exercise of judicial discretion if the question of prejudice is raised or reasonably shown.

In the instant case the trial judge is not a material witness by reason of participation in plea bargaining, as was alleged in *Rahhal v. State, supra.* Neither has the defendant alleged actual prejudice on the part of the trial judge, which might disqualify him from passing on the motion.

However, the defendant's motion raises issues to which the trial judge may be a material witness at an evidentiary hearing, in that he may have knowledge of facts not on the record but pertinent to the postconviction claim.[2]

Therefore, on remand and before proceeding with an evidentiary hearing on the constitutional issue raised, we would consider it a proper exercise of judicial discretion for the trial judge to reconsider the request of the defendant that he disqualify himself.

*By the Court.*—Order reversed and remanded.

ROBERT W. HANSEN, J. *(dissenting).* The defendant was convicted of first-degree murder and of endangering safety by conduct regardless of human life.

---

[2] *See:* ABA Standards Relating to Post-Conviction Remedies, Approved Draft, 1968, p. 28, sec. 1.4 (c), and the Commentary, pp. 30, 31; *Rahhal v. State, supra,* p. 150.

The defendant appealed those convictions to this court.[1] Our court affirmed, finding that this defendant "confessed to the murder a number of times,"[2] and agreeing with the jury and trial court that the defendant was sane at the time of commission of the crimes.[3]

On that appeal, the defendant raised exactly ninety-nine claims of error.[4] As to the ninety-nine claims of error, our court found no errors "which, considered individually or added together, require or warrant ordering a new trial."[5]

On that appeal, no reference was made to the "brown sealed envelope." No claim of error was made as to the trial court's holding that the envelope contained no exculpatory evidence, the exclusion of which would or could prejudice the defendant.

On that appeal, the "brown sealed envelope" was not included in the record sent to this court on appeal. No complaint as to such omission was made by this defendant. No effort was made by him or on his behalf to have the envelope made part of the record and brought to this court on the appeal.

Any right of this defendant to have the envelope included in the record on appeal was then and there waived. Any right to claim error as to the trial court holding that the envelope did not contain exculpatory materials was likewise then and there waived.

The only basis for belated and subsequent challenge as to the ruling on the contents of the envelope would be on the basis of a denial of adequate representation of this

---

[1] *State v. Bergenthal* (1970) 47 Wis. 2d 668, 178 N. W. 2d 16, certiorari denied (1971), 402 U. S. 972, 91 Sup. Ct. 1657, 29 L. Ed. 2d 136.

[2] *Id.* at page 676.

[3] *Id.* at pages 685, 686.

[4] *Id.* at page 673.

[5] *Id.* at page 688.

defendant by his attorneys on the appeal. They raised exactly ninety-nine issues, most of them relating to admissibility of various confessions of the murder by the defendant and the jury finding as to sanity.

The writer notes that trial counsel, and appellate counsel, were experienced and able trial attorneys. Both were well versed in the handling of criminal cases. They raised and resolutely argued the ninety-nine issues. They pursued these ninety-nine issues on proceedings in the federal courts.[6] The writer would not fault them for not raising a one-hundredth issue as to the court's ruling on the contents of an envelope. They knew of the envelope and of the trial court's ruling as to its contents. They were in a better position than postconviction counsel to decide whether such one-hundredth issue would or would not bolster defendant's chances for reversal of convictions on appeal.

On this record, finding the issue as to the envelope and its contents was waived because not raised on appeal, the writer would affirm the trial court's denial of defendant's motion for postconviction relief.

[6] *See: Bergenthal v. Cady* (E. D. Wis. 1971), 326 Fed. Supp. 848, affirmed (7th Cir. 1972), 466 Fed. 2d 635, certiorari denied (1973), 409 U. S. 1109, 93 Sup. Ct. 913, 34 L. Ed. 2d 690.