**Jon T. LIEGAKOS, Petitioner–Appellant,**

v.

**Maryanne COOKE, Warden, Kettle Moraine Correctional Institution, Respondent–Appellee.**

**No. 96–2764.**

United States Court of Appeals, Seventh Circuit.

March 20, 1997.

Before FLAUM, EASTERBROOK, and EVANS, Circuit

On Petitions for Rehearing

PER CURIAM.

Wisconsin contends, in a petition for rehearing, that our decision concerning the ef-

fect of *State v. Escalona–Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994), is inconsistent with *Gray v. Netherland*, —— U.S. ——, —— – ——, 116 S.Ct. 2074, 2080–81, 135 L.Ed.2d 457 (1996). Because the subject presented by this case is sure to recur, we briefly address this contention.

Our opinion holds that prisoners whose direct appeals came after *Bergenthal v. State*, 72 Wis.2d 740, 242 N.W.2d 199 (1976), but before *Escalona–Naranjo*, are entitled to raise constitutional arguments in federal court under 28 U.S.C. § 2254 without justifying their omission from the briefs on direct appeal. *Bergenthal* held that such a showing was unnecessary as a matter of Wisconsin practice, and we concluded that retroactive application of *Escalona–Naranjo*, which overruled *Bergenthal*, is not the sort of state procedural rule that forecloses collateral review in federal court. Relying on *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991), *Trevino v. Texas*, 503 U.S. 562, 566–68, 112 S.Ct. 1547, 1549–50, 118 L.Ed.2d 193 (1992), and *Del Vecchio v. Illinois Department of Corrections*, 31 F.3d 1363, 1380–81 (7th Cir.1994) (en banc), we held that only a procedural rule in force at the time of the acts done (or omitted) by the defendant establishes the sort of "independent and adequate state ground" that blocks collateral review under § 2254.

According to Wisconsin, this analysis is inconsistent with *Gray*. That contention is something of a surprise, for *Gray* did not discuss *Trevino, Ford,* or any of their predecessors. What *Gray* held is that a prisoner's failure to present an available constitutional claim to state court during an initial collateral attack, despite a state rule requiring such presentation, is a forfeiture that prevents collateral review in federal court unless the prisoner satisfies the standards of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Nothing in our opinion questions the proposition, reaffirmed in *Gray*, that a prisoner's failure to comply with a state's rules specifying the right time and court for presenting a legal contention can curtail federal collateral review.

*Gray* did not cite *Ford* and its predecessors because Virginia had not changed the rules between *Gray's* two collateral attacks. Wisconsin changed its rules, and such a change has the potential to trap unwary (or even hyperwary) litigants. Suppose that until 1994 Wisconsin had forbidden defendants to argue on direct appeal that their trial lawyers rendered ineffective assistance, and had required this claim to be presented on collateral attack. Suppose further that in 1994 the state changed the rule and adopted this circuit's approach, under which a claim of ineffective assistance must be presented on direct appeal unless it depends on facts outside the trial record. *Guinan v. United States*, 6 F.3d 468 (7th Cir.1993). Wisconsin apparently believes that, under *Gray*, a defendant who could not present an ineffective-assistance claim on direct appeal in 1993, or on collateral attack in 1995, therefore cannot present it in federal court in 1997, because the state's procedural rule closes the door. Such a position is inconsistent with *Ford* and with our decision en banc in *Del Vecchio*. *Gray*, which does not deal with a change in state law, is simply irrelevant.

All members of the panel have voted to deny both Wisconsin's petition for rehearing and Liegakos's. The petitions are denied. No judge in active service has called for a vote on the suggestion of rehearing en banc, which is rejected.