139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry E. SMITH, Petitioner-Appellant,
v.
Gerald BERGE, Respondent-Appellee.
 No. 97-2118.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided March 9, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 94-CV-716, J.P. Stadtmueller, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, and Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Henry E. Smith is presently serving a term of life imprisonment plus twenty-nine years in a Wisconsin prison. He was convicted by a jury of first-degree murder and armed robbery but his state-appointed counsel never perfected Smith's appeal. Smith subsequently filed numerous motions for post-conviction relief, then petitioned the federal district court in 1994 for a writ of habeas corpus. After Smith invoked the attorney-client privilege and refused to permit the court to examine the relevant documents in his case file, the court dismissed his case with prejudice. Smith appeals. See 28 U.S.C. §§ 2253-54. We affirm.
 
 
 2
 Smith was sentenced on January 16, 1976. Immediately thereafter, he wrote a letter to the Wisconsin Supreme Court requesting court-appointed counsel to appeal the judgment. The supreme court contacted State Public Defender Howard Eisenberg about Smith's case and on March 2, Eisenberg and Assistant State Public Defender Alvin E. Whitaker both wrote individually to Smith, notifying him of Whitaker's assignment to handle the appeal.
 
 
 3
 On April 5, 1976, Whitaker submitted a motion and supporting affidavit to the circuit court requesting a four-month extension of time--until August 16, 1976--in which to file a motion for post-conviction relief, a necessary step in pursuing Smith's appeal.[1] See Wis.Stat. §§ 808.30, 972.02(2); State v. Monje, 327 N.W.2d 641 (Wis.1982) (per curiam) (superseded by statute); Sanford v. State, 250 N.W.2d 348, 83-84 (Wis.1977). The court granted the extension, but only until June 16. Six days before the extension expired, Whitaker wrote to the court requesting an additional three-month extension. He attested, "It is impossible for affiant to determine whether or not such motions should be made until affiant has had the opportunity to review the court record herein and read all of the transcripts, all of which have been received but have not yet been reviewed." The court denied Whitaker's motion on June 22, 1976, one week after the original extension expired; there is no indication of Whitaker's further involvement in Smith's case.
 
 
 4
 Following the denial, Smith filed a pro se motion for post conviction relief under section 974.06 of the Wisconsin Statutes but the motion was denied. Smith's second post-trial, court-appointed attorney, William Coffey, succeeded in obtaining leave to file another section 974.06 motion on October 2, 1979, though only one such motion is permitted as of right. See Wis.Stat. § 974.06; Bergenthal v. State, 72 Wis.2d 740, 242 N.W.2d 199, 203 (Wis.1976), overruled on other grounds by State v. Escalona-Naranjo, 185 Wis.2d 168, 517 N.W.2d 157, 162 (Wis.1994). The motion, however, was denied. Coffey appealed, but the appellate court affirmed the lower court's decision. See State v. Smith, No. 82-1761, 1983 WL 161589 (Wis.Ct.App.1983) (unpublished disposition).
 
 
 5
 In 1992, the Wisconsin Supreme Court held that habeas corpus, rather than a section 974.06 motion, was the appropriate means to seek relief for ineffective assistance of appellate counsel. See State v. Knight, 168 Wis.2d 509, 484 N.W.2d 540, 544 (Wis.1992). Shortly thereafter, Smith filed a state habeas petition alleging Whitaker's failure to perfect the direct appeal. The court considered and summarily denied the petition; Smith's timely appeal to the state supreme court was also denied on March 15, 1994, see Wis.Stats. §§ 808.10, 808.69, thereby exhausting his state court remedies.
 
 
 6
 On June 30, 1994, Smith filed for federal habeas relief, alleging that Alvin Whitaker's failure to "perfect a meaningful and timely direct appeal" constituted per se ineffectiveness, and that Smith had thereby been denied an appeal as of right to challenge his conviction. During the course of the litigation various documents, including Smith's State Public Defender's file, were discovered in the State Historical Society and the records division of the Milwaukee County Clerk of Court's Office. Smith, however, invoked the attorney-client privilege and refused to release his file despite a court order to produce records from the file relevant to Smith's appeal. The district court advised Smith that his continued refusal to turn over the requested documentation placed his petition at risk; when Smith persisted, the court dismissed his case with prejudice. See Fed.R.Civ.P. 16(f), 37(b)(2)(C). Smith appeals.
 
 
 7
 Because a claim of privilege has the effect of withholding relevant information from the trier of fact, the attorney-client privilege is construed to apply "only where necessary to achieve its purpose." Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); see also Fed.R.Crim.P. 16(b)(2); United States v. Nobles, 422 U.S. 225, 236-40, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1974); Hickman v. Taylor, 329 U.S. 495, 508, 510-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947); United States v. Weger, 709 F.2d 1151, 1154 (7th Cir.1983); United States v. Lawless, 709 F.2d 485, 487 (7th Cir.1983). Similarly, a defendant who asserts a claim of ineffective assistance of counsel waives the privilege with respect to "all communications relevant to that issue." 8 J. Wigmore, Evidence § 2327 (McNaughton rev. 1961 & Supp.1997); see also Tasby v. United States, 504 F.2d 332, 336 (8th Cir.1974). The privilege must therefore be asserted and established by a claimant on a document-by-document basis; a "blanket claim" will not do. United States v. White, 970 F.2d 328, 334 (7th Cir.1992); see also United States v. White, 950 F.2d 426, 430-31 (7th Cir.1991); Lawless, 707 F.2d at 487; United States v. Osborn, 561 F.2d 1334, 1339 (9th Cir.1977). Because Smith persisted in asserting just such a blanket claim, the district court did not abuse its discretion in dismissing his petition. See Lucien v. Breweur, 9 F.3d 26, 28-29 (7th Cir.1993). To the extent that Smith perceives the attorney-client privilege as a prophylactic to "maintain the adversarial nature of a criminal proceeding," he is mistaken. United States v. Hamilton, 19 F.3d 350, 353 (7th Cir.1994).
 
 
 8
 Moreover, the record demonstrates that Smith long ago obtained the relief for which he presently petitions: appellate review of his conviction. William Coffey argued in his section 974.06 motion that irrelevant and unfairly prejudicial evidence had been admitted; he also challenged a jury instruction in light of the Supreme Court's holding in Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The circuit court denied the motion, but Smith appealed. The court of appeals, in turn, held that Smith's evidentiary claims were not of "constitutional dimensions" and thus not properly cognizable in a section 974.06 motion. Smith, 1983 WL 161589 at * 1; see also Peterson v. State, 54 Wis.2d 370, 195 N.W.2d 837, 845 (Wis.1972) (section 974.06 motions reach errors of jurisdictional or constitutional magnitude only); State v. Langston, 53 Wis.2d 228, 191 N.W.2d 713, 715 (Wis.1971): Eisenberg, Remedies, supra note 1, at 80. The court nevertheless addressed his arguments on the merits, as if raised in a direct appeal; it concluded that the challenged evidence was relevant, probative, and not unfairly prejudicial. See Smith, No. 82-1761, 1983 WL 161589, at * 1. The court likewise rejected Smith's "burden shifting" challenge to Wisconsin Jury Instruction Criminal 1100 Id. at * 2 (citing Muller v. State, 94 Wis.2d 450, 289 N.W.2d 570, 579-81 (Wis.1980)).
 
 
 9
 It is clear, then, that Smith has already enjoyed the benefit of an appellate advocate's "examination into the record, research of the law, and marshalling of arguments on his behalf." Anders v. California, 386 U.S. 738, 742, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). William Coffey filed a section 974.06 motion for post-conviction relief after "a diligent and thorough search of the record" for claims that might support his client's case. Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (internal quotation and citation omitted): Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); see also Griffin v. United States, 109 F.3d 1217, 1219-20 (7th Cir.1997); United States ex rel. Thomas v. O'Leary, 856 F.2d 1011, 1015 (7th Cir.1988). Though Coffey's arguments were not properly cognizable in a section 974.06 motion, he was nevertheless permitted to raise and have them considered "in the context of the State appellate process." Evitts, 469 U.S. at 402. Significantly, Coffey's arguments were evaluated under a standard appropriate for direct appeal rather than collateral review. See Smith, 1983 WL 161589, at * 1-2. Smith has thus been afforded an opportunity "to demonstrate that the conviction, with its consequent drastic loss of liberty, [was] unlawful." Evitts, 469 U.S. at 396.
 
 
 10
 To the extent that Smith contemplates raising in federal court the evidentiary arguments he presented before the state appellate court, they are not properly considered in this forum. Evidentiary issues are matters of state law; trial error must deprive the defendant of a fundamentally fair trial to warrant habeas relief. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975) (per curiam); Gonzalez v. DeTella, 127 F.3d 619, 621 (7th Cir.1997); Stomner v. Kolb, 903 F.2d 1123, 1128-29 (7th Cir.1990); United States ex rel, Lee v.. Flannigan, 884 F.2d 945, 952-53 (7th Cir.1989); Gross v. Greer, 773 F.2d 116, 118-19 (7th Cir.1985). Though the constitutionality of Wisconsin Jury Instruction Criminal 1100 is a claim properly reviewed in a federal forum, its constitutionality has been thoroughly tested in the wake of Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). See, e.g., Rodriguez v. Young, 906 F.2d 1153 (7th Cir.1990), cert. denied, 498 U.S. 1035, 111 S.Ct. 698, 112 L.Ed.2d 688 (1991); Fencl v. Abrahamson, 841 F.2d 760 (7th Cir.1988); Dean v. Young, 777 F.2d 1239 (7th Cir.1985), cert. denied, 475 U.S. 1142, 106 S.Ct. 1794, 90 L.Ed.2d 339 (1986); Lampkins v. Gagnon, 710 F.2d 374 (7th Cir.1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984); Mattes v. Gagnon, 700 F.2d 1096 (7th Cir.1983); Zelenka v. Israel, 699 F.2d 421 (7th Cir.1983); Pigee v. Israel, 670 F.2d 690 (7th Cir.), cert. denied, 459 U.S. 846, 103 S.Ct. 103, 74 L.Ed.2d 93 (1982). Nothing in the record before this court suggests that the analyses in these holdings are unsound.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 A motion for a new trial brought under section 974.06(1), the "most general post-conviction remedy," is often "the most important document filed by the defendant ... because this motion usually will set the issues which will be raised on appeal." Howard B. Eisenberg, Post-Conviction Remedies in the 1970s, 56 Marq.L.Rev. 69, 74-75, 78-83 (1972). See also Wis.Stat. § 974.06 (1975); State v. Charette, 51 Wis.2d 531, 187 N.W.2d 203, 205 (Wis.1971) ("[W]here the appellant has failed to raise an alleged error in the trial court in a motion for a new trial, such error is not reviewable as a matter of right in this court, although the court may review such error in the exercise of its discretion, ... [which] is accomplished by the aggrieved party perfecting a timely appeal."); State v. Schneiderwind, 47 Wis.2d 110, 176 N.W.2d 303, 308-09 (Wis.1970) (same); Thomas E. Fairchild, Post-Conviction Rights and Remedies in Wisconsin, 1965 Wisc.L.Rev. 52, 54-66