STATE of Wisconsin, Plaintiff-Respondent,

v.

Bobby Joe JOHNSON, Defendant-Appellant.

Court of Appeals

*No. 80–742–CR. Submitted on briefs February 18, 1981.*
*—Decided March 24, 1981.*
(Also reported in 305 N.W.2d 188.)

---

For the defendant-appellant the cause was submitted on the brief of *David C. Niblack,* state public defender, and *William J. Tyroler,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   Bobby Joe Johnson, an inmate of the State Prison at Waupun, appeals from an order which denied his motion challenging, on equal protection grounds, the computation of his good time credit by the Department of Health and Social Services. We do not address this challenge because we conclude that the trial court had no jurisdiction to hear the motion. Johnson's avenue of relief lies not in moving the trial court under sec. 974.06, Stats.; it lies in petitioning an appropriate court under sec. 782.03, Stats., for a writ of habeas corpus.

On September 11, 1979, the trial court rendered a judgment convicting Johnson of two counts of delivery of a prescription drug and one count of escaping from custody. The court sentenced him to six months on each of the two delivery convictions, concurrent, and four months on the escape conviction, consecutive, for a total of ten months. The court ordered the ten month sentence to be served in prison consecutive to the time Johnson was to serve on a parole revocation.

On January 17, 1980, Johnson filed in the trial court a motion for post-conviction relief pursuant to sec. 974.-06, Stats., seeking a correction of sentence. This motion, which challenged the trial court's authority to order that the ten month sentence be served consecutive to the parole revocation sentence, was denied. Judge Fisher's order denying the motion was later affirmed by this court on appeal.

On April 1, 1980 at the hearing on his motion for post-conviction relief under sec. 974.06, Stats., Johnson orally moved the trial court for an order directing the Department of Health and Social Services to compute his good time credit on the ten month sentence as if he were serving the sentence in a county jail instead of in prison.[1] The trial court took the oral motion under

[1] Johnson did not dispute that sec. 973.03(2), Stats., required him to serve the ten month sentence in prison. He pointed out, however, that were it not for the felony parole revocation sentence, he would be serving his ten month sentence in the county jail. He argued that his right to equal protection was violated by the different good time computation procedures applied to, on the one hand, persons serving ten month sentences in a county jail, and, on the other hand, persons serving ten month sentences in a prison. Under sec. 53.43, Stats., pertaining to computation of good time credit for county jail inmates, an inmate is eligible for credit of up to two and one-half months on a ten month sentence. Under secs. 53.11 and 53.12, Stats., pertaining to computation of good time credit for prison inmates, an inmate is eligible for credit of up to only one month and twenty-nine days on a ten month sentence.

advisement and permitted each party to brief the issue. On April 10, the court issued a written decision denying the motion because, as the court stated, good time credit must be earned, and it would be speculative whether Johnson would earn all of the possible good time credit if he were serving his sentence in the county jail. On April 18, the court issued a written order denying the motion.

Johnson presently appeals from this order.[2] In response to the appeal, the State argues that the trial court did not have jurisdiction under sec. 974.06, Stats., to decide Johnson's oral motion challenging the Department's computation of good time credit. We agree.

Section 974.06, Stats., was enacted by ch. 255, Laws of 1969. The purpose of the statute is to "afford an all encompassing remedy for defendants challenging their convictions. It is taken directly from Title 28, USC, s. 2255. The section is designed to supplant habeas corpus and other special writs. Wis. Annot. (5th ed. 1970), p. 2165, sec. 974.06." *State v. Langston,* 53 Wis. 2d 228, 231, 191 N.W.2d 713, 714 (1971).

Notwithstanding the statute's purpose being to supplant habeas corpus, the statute contemplates that in certain circumstances, a prisoner's remedy may lie in an application for habeas corpus and not in a motion for post-conviction relief under the statute. Section 974.-06(8), Stats., provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* [Emphasis added.]

[2] Upon this court's motion, this appeal was ordered to be considered by a three judge panel.

We hold that a motion under sec. 974.06, Stats., is ineffective to test the legality of a prisoner's detention on the ground of an allegedly improper method of computing good time credit. This holding is compelled by an understanding of the limited grounds for relief and the limited relief available under sec. 974.06, Stats.

The statute provides:

974.06 Post-conviction procedure. (1) After the time for appeal or post-conviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court *claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack,* may move the court which imposed the sentence to *vacate, set aside or correct the sentence.*

By the language of the statute itself, relief under sec. 974.06, Stats., is available only to a prisoner attacking the imposition of his sentence. The statute provides no relief to a prisoner attacking, for example, sufficiency of the evidence, jury instructions, error in admission of evidence or other procedural errors. *Peterson v. State,* 54 Wis.2d 370, 381, 195 N.W.2d 837, 845 (1972). Further, by the language of the statute itself, the grounds for attacking the imposition of the sentence are limited to matters of jurisdictional or constitutional dimensions. *Id.*

In the present case, Johnson claims the right to be released earlier than when the Department says he may be released. He does not attack the trial court's imposition of his sentence on any ground, much less on jurisdictional or constitutional grounds. He attacks the execution of his sentence rather than its imposition.

Further, the relief available under sec. 974.06, Stats., is limited by the statutory language to vacating, setting aside or correcting a sentence. In the present case, the relief Johnson seeks is very different from that available under the statute. He seeks an order compelling the Department to compute his good time credit in a particular manner.

Our interpretation of sec. 974.06, Stats., is supported by federal court opinions interpreting 28 U.S.C. §2255 "which is substantially identical to sec. 974.06, Stats. . . ." *Langston,* 53 Wis.2d at 231, 191 N.W.2d at 715. The federal courts have consistently held that 28 U.S.C. §2255 does not grant jurisdiction over a post-conviction claim attacking the execution rather than the imposition or illegality of a sentence. *Thompson v. United States,* 536 F.2d 459, 460 (1st Cir. 1976). The proper vehicle for attacking the execution of a sentence is a habeas corpus proceeding. *Id.*

In the present case, the correct procedure for Johnson to test the legality of his detention pursuant to the Department's computation of his good time credit would be to petition under sec. 782.03, Stats., for a writ of habeas corpus.

*By the Court.*—Order vacated and cause remanded with directions to dismiss.