PER CURIAM.
¶1 William Bransford, pro se , appeals from an order denying his WIS. STAT. § 974.06 (2017-18) postconviction motion without a hearing.[1] Because Bransford has not set forth a sufficient reason for failing to raise his claims earlier, we affirm.
I. BACKGROUND
¶2 This appeal constitutes Bransford's third attempt to challenge his 2002 convictions for eight felonies, which included six counts of second-degree sexual assault, one count of robbery with use of force, and one count of kidnapping.
¶3 In his direct appeal, Bransford challenged his convictions and the order denying his WIS. STAT. § 974.02 (2003-04) motion for resentencing. He argued that the sentencing court erred when it failed to consider whether he might benefit from WIS. STAT. ch. 980, which provides for commitment of sexually violent offenders after release from imprisonment for sexually violent crimes. State v. Bransford (Bransford I ), No. 2003AP3068-CR, unpublished op. and order at 1 (WI App Dec. 17, 2004). We summarily affirmed. See id.
¶4 Bransford, pro se , subsequently appealed an order denying his postconviction motion for permission to review his presentence investigation report (PSI). State v. Bransford (Bransford II ), No. 2014AP1607-CR, unpublished op. and order at 1 (WI App Apr. 29, 2015). We affirmed. See id.
¶5 Next, Bransford, pro se , petitioned for a writ of habeas corpus alleging ineffective assistance of appellate counsel. State v. Bransford (Bransford III ), No. 2016AP553-W, unpublished op. and order (WI App Aug. 9, 2016). In our opinion, we denied some of Bransford's claims because he raised them in the wrong court given that they alleged claims of ineffectiveness against postconviction counsel. See id. at 5-6. In doing so, we noted that Bransford may face barriers to his pursuit of relief in the circuit court. See id. at 7 n.1.
¶6 This brings us to the postconviction motion at issue in this appeal. In his motion, Bransford argued that postconviction counsel was ineffective for not pursuing claims based on trial counsel's ineffectiveness. Specifically, Bransford claimed his trial counsel was ineffective for failing to do the following: (1) retain a DNA expert to assist him during the process of deciding whether to accept the State's plea offer; (2) present various defenses at trial; and (3) request a new PSI for sentencing. He continues to pursue these claims on appeal.
¶7 Additional background information is set forth below as necessary.
II. DISCUSSION
¶8 At issue is whether the circuit court erroneously exercised its discretion when it denied Bransford's postconviction motion without a hearing. Our supreme court has summarized the applicable legal standards:
Whether a motion alleges sufficient facts that, if true, would entitle a defendant to relief is a question of law that this court reviews de novo. The circuit court must hold an evidentiary hearing if the defendant's motion raises such facts. However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing.
State v. Burton , 2013 WI 61, ¶38, 349 Wis. 2d 1, 832 N.W.2d 611 (italics added; citations and internal quotation marks omitted).
¶9 WISCONSIN STAT. § 974.06 permits collateral review of the imposition of a sentence based on errors of jurisdictional or constitutional dimension. State v. Johnson , 101 Wis. 2d 698, 702, 305 N.W.2d 188 (Ct. App. 1981). However, it "was not designed so that a defendant, upon conviction, could raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later." State v. Escalona-Naranjo , 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Thus, a defendant who has had a direct appeal or another postconviction motion may not seek collateral review of an issue that was or could have been raised in the earlier proceeding, unless there is a "sufficient reason" for failing to raise it earlier. See id. (italics omitted).
¶10 A claim of ineffective assistance from postconviction counsel may present a "sufficient reason" to overcome the Escalona procedural bar. See, e.g. , State ex rel. Rothering v. McCaughtry , 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). A defendant can overcome the presumption of effective assistance only if he can "show that 'a particular nonfrivolous issue was clearly stronger than issues that counsel did present.' " State v. Romero-Georgana , 2014 WI 83, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.2d 668 (applying " 'clearly stronger' " standard to evaluation of WIS. STAT. § 974.06 motions "when postconviction counsel is accused of ineffective assistance on account of his failure to raise certain material issues before the circuit court") (citations, italics, and one set of quotation marks omitted). Whether a procedural bar applies is a question of law we review de novo. See State v. Tolefree , 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).
¶11 To be entitled to an evidentiary hearing, Bransford "was required to do more than assert that his postconviction counsel was ineffective for failing to challenge on direct appeal several acts and omissions of trial counsel that he alleges constituted ineffective assistance." See State v. Balliette , 2011 WI 79, ¶63, 336 Wis. 2d 358, 805 N.W.2d 334. He was required to allege that postconviction counsel's " 'performance was deficient' and 'that the deficient performance prejudiced the defense.' " See id. (citation omitted). If his allegations fail as to one of these prongs, we need not address the other prong. See Strickland v. Washington , 466 U.S. 668, 697 (1984) (holding that a defendant must show deficient performance and prejudice to prevail on ineffective assistance claims). We conclude that Bransford has failed to show that he is entitled to an evidentiary hearing or relief on his claims that postconviction counsel was ineffective. We will address each claim in turn and explain why it fails.
(1) A DNA expert for the defense.
¶12 The complaint in this matter was filed seventeen months after the crimes occurred. The charges were filed after investigators discovered that DNA in semen collected from the victim matched a DNA profile collected from Bransford. According to the report of a forensic scientist with the Wisconsin State Crime Laboratory (the crime lab), which was referenced in the complaint:
[T]he probability of randomly selecting an unrelated individual whose DNA profile would match the DNA profile from the semen found on the anal swab and underpants of [the victim] is approximately 1 in 14 quintillion in the Caucasian population, 1 in 93 quadrillion in the African-American population and 1 in 2.1 quintillion in the Hispanic population.
The victim did not identify Bransford in a lineup.
¶13 Bransford was offered a plea agreement: in exchange for a guilty plea to one count of second-degree sexual assault and to the kidnapping charge, the State would recommend twenty years of initial confinement and ten years of extended supervision. Bransford instead proceeded to a jury trial on all eight charges. A forensic scientist who worked for the crime lab testified to the DNA results implicating Bransford. The jury convicted Bransford on all of the charges, and the circuit court sentenced him to 168 years, bifurcated as 112 years of initial confinement and 56 years of extended supervision.
¶14 In his WIS. STAT. § 974.06 motion, Bransford argued that he "was not provided with any means of making an intelligent decision concerning the weight of the evidence against him except being told that the [S]tate had DNA evidence." Bransford contends that his postconviction counsel was ineffective for not arguing that trial counsel was ineffective for failing to retain a DNA expert for the defense. Bransford asserts that there is a reasonable probability that he would have accepted the plea agreement offered by the State had he been provided with the report from Alan Friedman (a DNA expert who was retained by postconviction counsel) before trial. Bransford further asserts that this issue was clearly stronger than the issue pursued in postconviction counsel's WIS. STAT. § 974.02 (2003-04) motion and on direct appeal.
¶15 In his report, Friedman concluded that crime lab protocol was followed, and he did not find any issues with the quality of the crime lab's work. Without this information, which essentially affirmed the correctness of the original findings by the crime lab, Bransford claims he was precluded from making an informed, knowing, and intelligent decision during plea negotiations.
¶16 Bransford was required to demonstrate within the four corners of his motion that his postconviction counsel was ineffective for not challenging trial counsel's failure to secure a DNA expert for the defense in advance of the plea negotiations. See Romero-Georgana , 360 Wis. 2d 522, ¶64 ("We will not read into the [ WIS. STAT. ] § 974.06 motion allegations that are not within the four corners of the motion."). As to the second prong of the ineffective-assistance-of-counsel test, Bransford simply asserts that postconviction counsel's failure to pursue an ineffective assistance claim against trial counsel on this basis resulted in prejudice. However, he does not state that he would have told his postconviction counsel to pursue this claim, had she advised him that it was an option, because he needed to be able to weigh the State's evidence before deciding whether to proceed to trial. See Romero-Georgana , 360 Wis. 2d 522, ¶68 ("A proper allegation of prejudice would state that Romero-Georgana would have told Attorney Hagopian to pursue the plea withdrawal claim if she had advised him that it was an option because he wanted to avoid deportation."). The mere fact that postconviction counsel did not pursue this claim, without more information, does not demonstrate ineffectiveness, and "[w]e will not assume ineffective assistance from a conclusory assertion[.]" See id. , ¶62 (stating that the mere fact that postconviction counsel did not pursue certain claims does not demonstrate ineffectiveness).
¶17 Because we have determined that the WIS. STAT. § 974.06 motion does not allege sufficient facts to demonstrate prejudice as to Bransford's DNA expert claim, he fails to show that this claim is clearly stronger than the claim that postconviction counsel actually brought. See Romero-Georgana , 360 Wis. 2d 522, ¶43-46. Accordingly, Bransford fails to show that his postconviction counsel was ineffective.[2]
(2) Bransford's theories of defense.
¶18 In his postconviction motion Bransford claimed that his trial counsel was ineffective for failing to investigate and to perform legal research to support defenses to the State's DNA evidence. He specifically faults trial counsel for not pursuing theories "that the source of the DNA had come from [Bransford's] shirt that he had discarded after exchanging it with a shirt from the yard of [another man]" or "that the source of the DNA came from consensual sex between the victim and Bransford and neither of them could recall because it was the result of a spontaneous one time sexual experience while both were intoxicated."
¶19 We conclude that Bransford's claim that trial counsel was ineffective for not pursuing any alternative defense theories is, as the postconviction court stated, "wholly conclusory in nature and completely without factual support to establish a viable claim for relief." See Burton , 349 Wis. 2d 1, ¶38 (holding that a circuit court has discretion to deny a hearing where a motion presents only conclusory allegations). Accordingly, Bransford fails to show that this claim is clearly stronger than the claim that postconviction counsel actually brought, such that postconviction counsel was ineffective.
(3) A new PSI.
¶20 Some of the background information relating to this claim was set forth in our decision in Bransford II :
The [circuit] court ordered preparation of a PSI in advance of sentencing. When the matter reconvened for the sentencing hearing, however, Bransford objected to the PSI because its author, without consulting or advising trial counsel, had required Bransford to take a psychological examination. Bransford sought to strike the PSI and to require a new PSI prepared by an author who was uninfluenced by the results of the psychological examination.
The [circuit] court proposed going forward with the sentencing, explaining that the court had not read the PSI and would not do so. To further ensure that the psychological examination would not affect Bransford's sentencing, the [circuit] court ordered the State to limit any discussion of the contents of the PSI to objective information and biographical data. The [circuit] court additionally assured Bransford that it would seal all of the copies of the PSI so that its contents could not be obtained from the court file.
Bransford, through trial counsel, said he was "completely prepared to proceed" as the [circuit] court proposed. The State also agreed with the [circuit] court's solution. The State further advised that it had already identified for defense counsel the portions of the PSI the State would discuss, and defense counsel had no objection.
The [circuit] court then conducted the sentencing hearing without reviewing the PSI. At the conclusion of the proceeding, the [circuit] court imposed eight consecutive sentences. The aggregate term of imprisonment was 168 years, bifurcated as 112 years of initial confinement and 56 years of extended supervision.
Id. , No. 2014AP1607-CR, at 1.
¶21 According to Bransford, comments throughout the sentencing hearing concerning a prior sexual assault charge in Tennessee and a promiscuous lifestyle were gleaned from the psychological report by the PSI writer, the prosecutor, and the judge. In his postconviction motion, Bransford alleged that trial counsel was ineffective for failing to request a new PSI. Bransford argues that simply sealing the PSI was not a proper remedy.
¶22 According to Bransford, "[r]equesting a new PSI would have protected Bransford from any contaminating factors while preserving mitigating circumstances." For instance, Bransford suggests that the fact that he "sired a child at the age of fourteen years old" with a then-twenty-year-old woman would have been considered as a mitigating circumstance if a psychological examination was presented by the defense. Bransford writes: "The record clearly shows that [trial counsel] made a motion to strike the PSI before being strong-armed by [the circuit court] to disregard the constitutional error." By his own admission, Bransford acknowledges that trial counsel did object to the PSI. Accordingly, he fails to show that trial counsel was deficient. Moreover, he fails to explain how a new PSI containing this information would have made a difference at sentencing. He also fails to explain why he himself could not have brought this information to the circuit court's attention at sentencing.
¶23 For all of these reasons, Bransford fails to show that his PSI claim is clearly stronger than the claim that postconviction counsel actually brought, such that postconviction counsel was ineffective.
¶24 In sum, Bransford did not demonstrate in his motion any sufficient reason for failing to raise his claims earlier. Consequently, the procedural bar of Escalona and WIS. STAT. § 974.06(4) applies. The postconviction motion was properly denied without a hearing.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.
The Honorable Jacqueline D. Schellinger presided over Bransford's jury trial and imposed the sentences in this matter. The Honorable Carolina Stark denied the postconviction motion that underlies this appeal.

Bransford also alleged that postconviction counsel was ineffective for failing to argue that trial counsel was ineffective for improperly advising Bransford that the State's DNA evidence would not be admissible. However, Bransford does not explain why, in light of that alleged advice, he still needed a DNA expert to examine the State's DNA evidence. Moreover, Bransford's allegation is refuted by the record, in which trial counsel states that he saw no basis for challenging the admissibility of the State's DNA evidence. Because Bransford's reference to this allegation is undeveloped, inconsistent with his argument as to his need for a DNA expert, and refuted by the record, we do not address it further.